J. H. Mitchell et al. *v.* J. H. Conner, Administrator, et al.

---

J. H. MITCHELL *et al. v.* J. H. CONNER, Administrator, *et al.*

1. CHANCERY PRACTICE: ON DEATH OF COMPLAINANT, SUIT MAY BE REVIVED AT RULES. — Under the provisions of arts. 32 and 38, pp. 545, 546 of Rev. Code, suits in equity may be revived in the name of the representatives of a deceased complainant before the clerk at rules; an amended bill or bill of revivor under this statute, is not required.

2. DECREES PRO CONFESSO: CONCLUSIVENESS OF, ON APPEAL: CASE IN JUDGMENT. — Appellees filed their bill of complaint against appellant, to enforce vendor's lien on a note made in 1863, and due in 1865. A decree *pro confesso* was regularly taken for the full amount of the note and interest. On appeal, appellants insisted, that the decree should have been for the value of Confederate money at the time of executing the note, under the act of the legislature of 1866–7, which declares that all contracts made after the 1st of May, 1862, and before the 1st of May, 1865, shall be *primâ facie* evidence that they contemplated payment in Confederate money. *Held* — That the decree was final and conclusive, and that the objection, not having been made in the court below, was thereby waived.

ERROR to the Chancery Court of Noxubee county. Hon. H. W. Foote, chancellor.

*Beauchamp & Welsh* for plaintiffs in error.

No brief on file.

*Jarnagin & Rives*, for defendants in error, cited Rev. Code, arts. 32, 38, pp. 545–6; *McKey* v. *Toney*, 28 Miss. 78; 1 Barbour's Ch. Pr. 679, 680, 682, 685; 2 ib. 33, 34; 2 Paige's Rep. 214, 358, 476; 3 Paige, 655; 4 ib. 416.

As to the conclusiveness of the decree: *Hardy* v. *Gholson*, 26 Miss. 70; *Cason* v. *Cason*, 31 ib. 578; *Cannon* v. *Cooper*, 39 ib. 784.

SHACKELFORD, C.J., delivered the opinion of the court. ,

This was a bill filed in the Chancery Court of Noxubee county, by Samuel Conner, against plaintiffs in error, to the October Term, 1866.

The bill alleges, that the said Samuel Conner had sold certain real estate to the plaintiffs in error, and had executed and delivered a bond for title ; that the note filed with the bill was given for the purchase-money of the same ; that complainants had tendered a valid deed to the vendees for the property ; and that they failed to pay, etc., and again tender the deed with the bill.

There was a *pro confesso* taken in the cause, the process having been regularly served upon all the parties defendants.

After the *pro confesso* the complainant died, and his death was suggested upon the minutes of the court, and an order taken to revive in the name of the personal representatives, when known, and the cause continued to the next term of the court.

On Monday, the 2d day of September, 1867, a motion was made at *rules* before the clerk and master, to revive the suit in the names of Martha W. Conner, administratrix, and John H. Conner, administrator, of the estate of the deceased complainant, Samuel Conner ; and at the hearing of said motion, it appearing to the satisfaction of the clerk and master, that the said Martha W. Conner and John H. Conner were the personal representatives of said Samuel Conner, deceased, and that letters of administration had been regularly granted to them, by the Probate Court of Noxubee county, upon said estate, it was ordered that the cause be revived in the names of the said Martha W. Conner, administratrix, and John H. Conner, administrator.

The cause was set down for hearing at a previous day of the term, and on the 16th day of October following, being a regular day of the term of the court, a final decree was rendered in the cause against plaintiffs in error, for the amount of the note made an exhibit in the bill, and ordering a sale of the real estate to pay the same, unless paid at a short day, etc.

To reverse this decree the present writ of error is prosecuted.

There are two assignments of error: —

"1. There was error in this: the bill was filed by Samuel Conner, as complainant below, in his own name; his death is suggested by motion, and the cause revived in the name of Martha W. Conner, administratrix, and John H. Conner, administrator, of Samuel Conner, by motion, and suggestion on the record, when it should have been by *amended bill*.

"2. The record shows the debt was contracted November 7, 1863, and due January 1, 1865, and was *primâ facie* in Confederate currency; and the record does not show it was contemplated to be paid in good funds, and yet the court allowed the full amount of the note in good funds."

The question presented for our consideration, in the first assignment of error, is the validity of the order reviving the suit against plaintiffs in error.

The objection to this revival is, that the suit should have been revived by amended bill, or bill of revivor, against the plaintiffs in error, requiring them to show cause why the suit should not be revived against them, etc., in order that they should have notice of the proceedings to revive, etc.

In the absence of any statute of this State changing the practice in this respect, the defendants in error would have been compelled to file a bill of revivor against the plaintiffs in error under the well-recognized and established rule of chancery practice, which requires a bill of revivor to revive a suit, where the interest of the person whose death has caused the abatement of the suit is transmitted to that representative, which the law gives or ascertains, as an executor or administrator, so that the title cannot be disputed; but the person in whom the title is invested is alone to be ascertained.

The plaintiffs in error, after being regularly brought into court, suffered a decree of *pro confesso* to be entered against them in the lifetime of the complainant, Samuel Conner; consequently they could set up no defence to the merits of the bill; and the only question that could arise under a bill of revivor,

if necessary, would be whether the parties seeking to revive the suit were the legal representatives of the deceased complainant, Samuel Conner.

Defendants in error contend that the suit was properly revived under the provisions of art. 32 of Rev. Code, p. 545.

The provisions of this article are very broad; in the use of the language, " if any party to any suit," etc., it seems that the legislature intended to permit suits to be revived in the name of the representatives of deceased complainants, as well as against the representatives of deceased defendants; representatives of defendants can be brought into court simply by process to be issued on application to the clerk, or they may appear voluntarily, and become a party to the suit.

Under a liberal construction of this article, it would seem that representatives of a deceased complainant should be permitted to come into court voluntarily and make himself a party complainant, under such a state of facts as those presented by the record in this cause.

Admitting that there is a doubt as to the right of a representative of a deceased complainant to revive a suit in such a case as the one under consideration, by or under the provisions of art. 32, we think that art. 38 clearly abrogates the rule of chancery practice above referred to, and authorizes the representatives of deceased complainants to revive suits abated by their death, in cases similar to the one under consideration, without bill of revivor.

This art. 38 of Ch. Prac., Rev. Code, p. 546, provides that " rules shall be held in the clerk's office, under the direction of the clerk, on the first and third Mondays of every month in vacation, and on every day during the term of the court." Among other provisions, it is provided " that orders of revivor, for or against the representatives of a deceased person, . . . may be taken, entered, and done at the rules in the same manner as if done in open court, subject, however, to the control of the court; and the clerk shall keep full minutes of the proceedings at the rules, and the same shall stand as the act of the court, unless set aside or altered."

This article requires no construction; its provisions are too plain and explicit to admit of a doubt of the right of representatives of deceased complainants to revive an abated suit, without having to resort to a bill of revivor.

The order of revivor, taken in the case at bar, was taken on a rule day, according to the requisitions of art. 38. The minutes of the proceedings reviving the suit against plaintiffs in error were open and subject to their inspection, and they cannot now be permitted to complain here of the want of notice. There is no attempt on the part of plaintiffs in error to show that there was any illegality or irregularity in the proceedings before the master at rules, in taking the order of revivor. We cannot see any force in the objections of plaintiffs in error urged in support of their first assignment of error. The suit was legally revived, and the record shows that all the subsequent proceedings in the cause to final decree are regular.

We come now to consider the second assignment of error.

The note filed as an exhibit to the bill of complainant is payable in dollars and cents, and appears to have been given for a valuable consideration; there is nothing upon its face to indicate that it was to be paid in Confederate currency. If the plaintiffs in error had this defence to the note, or wished to avail themselves of the provisions of the act declaring "that all contracts, etc., made after the first day of May, 1862, and before the first day of May, 1865, shall be *primâ facie* evidence that the payment was to be made in Confederate treasury notes, unless the contrary appear on the face of said contract." Pamphlet Acts, p. 373, of 1866–7. They should have made the defence by answer; they have by their default in suffering the decree of *pro confesso* to be taken against them, waived any defence they may have had to the note, thereby admitting the amount claimed in the bill to be due, and that the property sought to be subjected to the payment of the purchase-money was liable, etc.

It is now too late to raise here the question sought to be made by the last assignment of error.

We see no reason why the decree should be disturbed.

Let the decree be affirmed.